IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH WILCOX, 15228-041, **Plaintiff,** vs. ADMINISTRATIVE STAFF, AW McCAFFEE, WARDEN SPROUL, CAPTAIN MOOREHEAD, LT. JOHN, LT. HUGGIN, CO MULLER, **Defendants.** | Case No. 23-3342-DWD |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Kenneth Wilcox, an inmate of the Federal Bureau of Prisons (BOP) currently detained at the Federal Correctional Center in Marion, Illinois (Marion), brings this civil rights action concerning a search of his cell and the loss of significant amounts of personal property. (Doc. 1). He seeks monetary compensation, transmission of his property to his family, and housing in a single cell, or release from prison.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se*

complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that on February 6, 2023, Defendant Muller trashed his cell and confiscated a lot of his personal property. Specifically, he claims that Muller took about 68 books, 28 composition notebooks, and legal papers, among other things. (Doc. 1 at 1). Plaintiff alleges that much of this property had sentimental value to him, such as information from therapy classes, self-help recipes, and family records. He alleges that once he files this lawsuit, he anticipates facing a steady stream of retaliation targeted towards himself and his cellmates. He suspects his cell may be shaken down, and his safety and well-being may be jeopardized.

Plaintiff alleges in passing that he seeks $150,000 from the staff at Marion who have violated his First Amendment right to observe his religious beliefs. (Doc. 1 at 2).

Plaintiff also describes efforts to resolve these issues at the prison. He states he filed a tort claim in March of 2023, but he has not received a response. He also states he has been working with the property officer, but this has not been successful.

He seeks monetary compensation, a transfer to another facility along with his property, that his property be mailed to family, and that he be placed in a single cell. (Doc. 1 at 1-2).

In support of the Complaint, Plaintiff submitted a letter that he alleges he submitted to the BOP Director, as well as evidence of his tort claim and his accounting of the lost property. The letter to the BOP Director discusses issues beyond his property,

but those issues were not highlighted in the body of the complaint, so it is not apparent that this lawsuit concerns those issues.

## Analysis

Plaintiff did not identify a source of law that he premises his complaint upon, although he did cite to the First Amendment. Because he is a federal inmate and because he mentions the First Amendment, the Court will first consider if Plaintiff intended to pursue this claim under *Bivens*. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); *King v. Federal Bureau of Prison*, 415 F.3d 634, 636 (7th Cir. 2005) (*Bivens* authorizes the filing of a constitutional tort suit against federal officers much in the same way that 42 U.S.C. § 1983 authorizes such a suit against state officers).

Assuming that Plaintiff relies on *Bivens* as a source of authority, his complaint does not state a valid claim because, "a claim for relief premised on due process violations where the prisoner had alternative remedies is [ ] not recognized by the Seventh Circuit in a *Bivens* action." *Kammeyer v. True*, No. 19-cv-454-JPG, 2019 WL 2616193 at * 4 (S.D. Ill. June 26, 2019) *citing Goree v. Serio*, 735 Fed. App'x 894, 895 (7th Cir. 2018). A federal inmate may seek compensation for the loss of property via administrative procedures, *see* 31 U.S.C. §§ 3723-3724, so Plaintiff cannot maintain an independent *Bivens* action about the loss of his property.

Second, the Court considers if Plaintiff intended to bring his claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671, *et seq.*). While inmates can proceed under the FTCA for some causes of action, this legal theory does not fare any better for Plaintiff's particular claims because prisoners cannot bring suit under the FTCA

for a deprivation of personal property by prison officials. *See e.g.*, *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 227-28, n.7 (2008) (§ 2680(c) of the FTCA forecloses lawsuits against the United States for unlawful detention of personal property, but 31 U.S.C. § 3723(a) allows a federal agency to settle claims for damage or loss of personal property).

Finding that Plaintiff cannot present a valid claim about his property under *Bivens* or the FTCA, this lawsuit is subject to dismissal for failure to state a claim. Plaintiff made passing mentions to the possibility of future retaliation after he filed this lawsuit, but the *threat* of potential retaliation is not sufficient, and even if it was, most retaliation claims are not actionable under *Bivens*. *See e.g.*, *Egbert v. Boule*, 596 U.S. 482, 498-99 (2022) ("we hold that there is no *Bivens* action for First Amendment retaliation). Plaintiff also mentioned he would like monetary compensation for restrictions on his ability to observe his religion, but this bare allegation is too plain to sustain a claim.

For the foregoing reasons, Plaintiff's Complaint (Doc. 1) is **DISMISSED** for failure to state a valid claim. As a pro se litigant, Plaintiff will be afforded an opportunity to amend his complaint. Plaintiff will have 30 days from the date of this Order to file an Amended Complaint. The Amended Complaint will completely replace the earlier complaints. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Failure to submit an Amended Complaint on time could result in the dismissal of this entire lawsuit for failure to state a claim or failure to prosecute. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1056-57 (7th Cir. 1997) (dismissal is allowed for failure to comply with a court order); 28 U.S.C. § 1915A. By contrast, if Plaintiff believes that he

will be unable to state a valid claim based on the information in this Order, then he may also elect to withdraw his case without any penalty.[1]

### Disposition

**IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim.  Plaintiff shall have 30 days to file an amended complaint, or to withdraw this lawsuit, failing which this case may be dismissed for failure to state a claim and/or failure to prosecute.

**IT IS SO ORDERED.**

Dated: December 4, 2023                    /s *David W. Dugan*
                                           _____
                                           DAVID W. DUGAN
                                           United States District Judge

---

[1] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."